# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denis Octavio Urrutia-Poveda, | No. CV-26-00495-PHX-DJH (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| David R. Rivas, et al., | |
| Respondents.[1] | |

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which presumes a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when ICE apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades.  The Court has determined that § 1226(a) applies in this circumstance, and in so concluding has cited to the rigorous analysis of the issue in an Order entered by another member of the Court. *Echevarria v. Bondi*, No. 25-CV-03252-DWL (ESW), 2025 WL 2821282 at *4-10 (D. Ariz. 2025).  Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many § 2241 actions brought by individual petitioners.

---

[1] Under Federal Rule of Civil Procedure 25(d), Acting Attorney General Todd Blanche is substituted for Pamela Bondi, and Secretary of Homeland Security Markwayne Mullin is substituted for Kristi Noem.

Here, Petitioner first entered the United States in 2002, and was subsequently ordered removed to Nicaragua in 2003; that removal eventually occurred in 2007. On October 3, 2021, Petitioner re-entered the United States, was briefly detained by immigration authorities, and released on parole. On October 21, 2021, Petitioner was issued a Notice to Appear (NTA) charging him as being present in the United States without having been admitted or paroled, and was thereafter released on his own recognizance. On July 21, 2025, Petitioner was re-detained by immigration authorities, and remains detained as of the date of this Order.

Respondents assert that Petitioner is an "applicant for admission" detained pursuant to § 1225(b)(2)—despite their own NTA charging him as being present without having been admitted, *not* as an applicant for admission. Under these circumstances, the Court finds in its independent review of the Petition, and its repeated adoption of the analysis in *Echevarria*, that Petitioner's detention is governed by § 1226 and not § 1225.[2] *See Lopez-Campos, et al. v. Raycraft*, et al., ___ F.4th ___, 2026 WL 1283891 (6th Cir. May 11, 2026); *Hernandez Alvarez v. Warden, Federal Det. Center Miami*, ___ F. 4th ___, 2026 WL 1243395 (11th Cir. May 6, 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, ___ F. 4th ___, 2026 WL 1123250 (7th Cir. May 5, 2026); *Cunha v. Freden*, ___ F. 4th ___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). Accordingly, Petitioner is entitled to relief.[3]

. . . .

[2]     The Court is also aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), which adopted the minority position on whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under section 1225. But those decisions do not persuade the court that its interpretation is incorrect.

[3]     Respondents acknowledge "that the majority of district courts, including this one, have rejected their position," and "request that any order granting Petitioner relief direct the Respondents to provide a bond redetermination hearing within fourteen (14) days or release Petitioner from custody under the same conditions that existed before detention." (Doc. 6 at 5, 8). This and other courts in this district have routinely ordered that bond hearings occur within seven days, and the Government has expressed no difficulty in doing so. As such, the Court finds that a 14-day window is unreasonable, and will thus order that Petitioner receive a bond hearing—or be released—within seven days of the date of this Order.

**IT IS ORDERED**:

1.  Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2.  Respondents must provide Petitioner a bond redetermination hearing within **seven days** of the date of this Order, or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

3.  Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing a bond hearing.

4.  Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 18th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge